RICHARD BLANCHARD, PLAINTIFF IN ERROR, VS. WILLIAM F. IVERS, CHIEF OF POLICE OF THE CITY OF JACKSONVILLE, DEFENDANT IN ERROR.

1. Under a legislative grant of power to a municipality to make regulations by ordinance to secure the general health of its inhabitants and to prevent and remove nuisances, to regulate the vending of meat, poultry, fish, fruits and vegetables, and to restrain and punish the forestalling and regrating of provisions and to establish and regulate markets, the city may by ordinance establish a public market and confine marketable articles there, provided such ordinance be reasonable, considered with reference to the welfare of the community and not in restraint of trade. The rule announced in *City of Jacksonville v. Ledwith*, 26 *Fla.* 163, 7 *South. Rep.* 885, followed.

2. An ordinance of the City of Jacksonville, passed under a sufficient legislative grant of power, established a public market and prescribed territorial limits for the same, embracing about one-sixth of the entire area, and about three-fifths of the population of the entire city, and the testimony tended to show that the public market place was conveniently established within the market limits, considering the territory and facilities of reaching it. Outside of the limits prescribed for the public market other markets were established and no defect is alleged as to such market regulations: *Held*, That the

Blanchar<sup>⁴</sup> v. Ivers—Opinion of Court.

ordinance was not unreasonable, considered with reference to the market limits and the population to be served.

3. An ordinance appearing on its face to have been passed in pursuance of powers conferred upon the city in reference to establishing and regulating markets, with no inherent indication of its being a revenue act, is presumptively valid, and will not be declared void on the ground that it is for revenue, when the testimony fails to show that the amounts required to be paid for market privileges are in excess of the necessary expenses imposed by the maintenance of the market.

4. The portions of the ordinance of the City of Jacksonville passed in August, 1897, objected to as containing a delegation to the board of public works of the powers and duties which are vested exclusively in the mayor and council, held not to be amenable to such objection.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Geo. U. Walker and John E. Hartridge,* for Plaintiff in Error.

*J. M. Barrs,* for Defendant in Error.

MABRY, J.:

Writ of error in *habeas corpus* proceedings from the decision of the Circuit Court remanding plaintiff in error to the custody of defendant in error. Plaintiff in error was convicted in the municipal court of the city of Jacksonville on a charge of selling at retail fresh meat within the territory known as the market limits of the city, at a place other than the public market building, in violation of an ordinance of said city regulating the vending of meats, poultry, fish, fruits and vegetables, and to establish and regulate markets. Declining to pay the fine imposed by

the municipal court, the plaintiff in error obtained from the Circuit Court a writ of *habeas corpus* demanding that he be discharged from the custody of the chief of police of the city. Defendant in error made return to the writ that he detained plaintiff in error in custody by virtue of a decision of the municipal judge, as appeared by the proceedings in his court, a certified copy of which was filed and made a part of the return. The proceedings had in the municipal court pursuant to the arrest of plaintiff in error, including the testimony introduced on the trial, and under the signature of the municipal judge, is made a part of the return, and by agreement of parties the case was heard in the Circuit Court on motion to discharge from custody upon the return made. The Circuit Court refused the motion to discharge, and remanded plaintiff in error to the custody of the municipal officer.

It was admitted on the record in the trial court that plaintiff in error had, on a date shortly preceding the commencement of the prosecution against him, sold fresh meat within the market limits of the city of Jacksonville, and outside of the public market building, and at the time of making sales he had not and did not apply to the market clerk for a stall or stalls in the market, or space therein as required by the ordinance. The defense set up in the trial court, and the insistence in all the courts, by plaintiff in error is, that the ordinance under which he was prosecuted and convicted is absolutely void.

The first assault made upon the ordinance is, that the city of Jacksonville had no charter powers to establish one market and prohibit sales elsewhere, and unless there is something in the grant of power that authorizes the city to confine all persons selling marketable articles to one market, the power does not exist. It is

conceded in the brief of counsel for plaintiff in error that the Legislature has conferred upon the mayor and city council of Jacksonville power to make regulations by ordinance, to secure the general health of the inhabitants, and to prevent and remove nuisances; to provide for and regulate the inspection of beef, pork, flour, meal, oils, whiskey and other spirits in barrels, hogsheads and other vessels; to regulate the inspection of milk, butter, lard and other provisions; to regulate the vending of meat, poultry, fish, fruits and vegetables; to restrain and punish the forestalling and regrating of provisions, and to establish and regulate markets.

It was decided by this court in the case of City of Jacksonville v. Ledwith, 26 Fla. 163, text 192, 7 South. Rep. 885, that under the powers enumerated the mayor and council may by ordinance prescribe the time and places for the sale of marketable articles, and that they may by such restrictions as to times and places, being reasonable with reference to the welfare of the community, and not being in general restraint of trade, likewise prohibit the sale of such articles elsewhere.   It is entirely useless for us now to review the authorities on this point, as this was thoroughly done in the case referred to, and we adhere to the conclusion there reached, that the city under the grant of powers mentioned can by ordinance establish a public market and confine marketable articles there, provided such ordinance is reasonable, considered with reference to the welfare of the community, and not being in restraint of trade.   So far, then, as the power of the mayor and council by ordinance to establish a public market and confine sales there, under proper conditions, is concerned, it is ample and there is no ground for want of power to annul the ordinance.

It is further insisted that the ordinance is unreasonable when the area embraced in the market limits, and

Blanchard v. Ivers—Opinion of Court.

the population to be served are considered. This is the ground of unreasonableness presented here, but we are unable to discover any merit in the contention. The decision in the Ledwith case to which ... made was on ordinances of the city of Jacksonville passed prior to the year 1890, and providing for a public market with its territorial limits, and also for private markets outside the public market limits. Both ordinances were declared void because of infirmities in the private market act, and the inseparable connection of the two. It is said in the opinion that "it happens, however, that the private market ordinance is void, and the question arises as to what effect this fact has upon the validity of the above prohibitory provision of the public market ordinance. In our opinion it invalidates it because it never was the intention of the law-making power of Jacksonville that sales should be confined to the public market, and to enforce it with the effect of prohibiting sales elsewhere in the absence of valid regulations of such sales would be to do what was never intended. Whether or not an ordinance restricting sales to one place in a city of the territorial extent, and of the population, of Jacksonville, would be held to be valid if assailed as unreasonable, it is unnecessary to decide, as such cannot be said to have been the purpose in this case." In the ordinance now in question a public market limit is prescribed, and a public market therein established. Other markets outside the public market limits are also provided for, and it is not claimed that there is any defect in the provisions as to such markets, considered with reference to themselves, as distinct from the regulations relating to the public market. The territorial limits of the public market, as shown by testimony introduced, embrace about one-sixth or one-seventh of the entire area, and also about three-fifths of the

population of the entire city. From this it appears that the density of the city's population is within the public market limits, and the testimony tended directly to show this fact. It is not shown that the central market, within the market limits, is not conveniently located with reference to the population therein; but, on the contrary, there is testimony tending to show that it is conveniently established, considering the territory and the facilities of reaching the market house. There is nothing in the testimony, nor is there apparent in the ordinance itself, anything to justify the conclusion that the latter is unreasonable on the grounds urged here.

Another contention is, that the ordinance is void because it is a provision for revenue, and not as a police regulation. It can not be said that the ordinance itself shows it to be a revenue act, and not one passed in pursuance of the powers of the city in reference to sanitation and police; nor does the testimony show that the amount derived from the market privileges is so in excess of the necessary expenses imposed by the business as to indicate a revenue object. In fact it is not shown by the evidence what are the entire expenses legitimately incident to the market business, and the receipts and expenses shown are not so out of proportion as to condemn the ordinance on the ground that it is for revenue. In the case of Atkins v. Phillips, 26 Fla. 281, 8 South. Rep. 429, it was decided, under the municipal powers existing in 1890, that where the municipal government, in the exercise of the police power, imposes a license charge on the business which, for the protection of the health of the community, requires daily inspection and supervision, the amount of the charge will be presumed to be reasonable, and not a tax for revenue, unless the contrary appears on the face of the ordinance, or is established by proper evidence. The courts will

not seek to avoid an ordinance by nice calculations of the expenses of enforcing police regulations, but will promptly arrest any clear abuse of the power. Without considering the question of the power of the city of Jacksonville to raise revenue as such by license and tax on privileges under the act of 1893, Chapter 4300, and the revenue act passed at the same session, Chapter 4115, we are of the opinion that it is not apparent from anything in the record before us that the ordinance in question was designed to raise revenue, and not in furtherance of the police powers of the city to preserve the public health of the inhabitants thereof. In the absence of such showing, the presumption favors the validity of the ordinance.

It is also contended that the ordinance is void because it undertakes to delegate to the board of public works powers and duties vested exclusively in the mayor and council. The portions of the ordinance pointed out as offending in this respect are first part of section 2, last parts of sections 9, 10, 11 and 14, and all of sections 12 and 22. We have carefully examined the sections referred to, and are of the opinion that the objection urged as to their validity can not be sustained.

The entire subject of market regulations by municipalities has been so thoroughly considered by this court in the cases above mentioned that we refrain from any further general discussion of the subject. Guided by the principles of law established by these decisions, the judgment rendered by the Circuit Judge on the present writ of error must be affirmed.

Other objections than those already stated are urged, but they are equally without sufficient support, and upon the entire record a judgment of affirmance is ordered.